IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| THE MEDICAL PROTECTIVE<br>COMPANY, *etc.*, | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | Civil Action No. 1:14-cv-58 |
| CHARLES A. BOLICK, M.D., *et al.*, | )<br>) | By: Elizabeth K. Dillon<br>United States District Judge |
| Defendants. | )<br>) | |

**MEMORANDUM OPINION**

Plaintiff The Medical Protective Company is an insurance company and satisfied a prior judgment against its insured, Johnston Memorial Hospital. In this case, Medical Protective—acting as subrogee for Johnston Memorial—seeks contribution or indemnification against defendants. The matter is before the court on defendants' motions to dismiss, in which they seek dismissal of the amended complaint on various grounds. (Dkt. Nos. 51, 52.) These include dismissal for lack of personal jurisdiction (Rule 12(b)(2)), improper venue (Rule 12(b)(3)), and failure to state a claim for which relief can be granted (Rule 12(b)(6)).

The motions have been fully briefed, and the court heard argument on July 16, 2015. As discussed herein, the court concludes that venue is improper here, and thus it will grant the motions to dismiss for improper venue and transfer the case to the Eastern District of Tennessee. Because the court is transferring the case, it will deny all remaining motions and requests for relief without prejudice to the parties' ability to re-assert them in the new forum.

## I. BACKGROUND

The underlying action involved claims for medical malpractice brought by the estate of Debra Jean Frazier, in a case captioned *Richard Frazier v. Johnston Memorial Hospital, Inc.*, Case No. 07-1353, in the Circuit Court for Washington County, Virginia (the Malpractice Case). (Dkt. No. 50, Am. Compl. ¶ 10.)  After a September 2013 bench trial, the court in the Malpractice Case found that Steven K. Brandy, M.D., was negligent in his care of Ms. Frazier because he failed to timely diagnose her lung cancer and that Johnston Memorial was liable for his negligence.  (*Id.* ¶¶ 10–11.)  The judge awarded Frazier's estate a total of $1.2 million ($940,000 plus prejudgment interest at the statutory rate of 6%) and entered a judgment in that amount against Johnston Memorial.  (*Id.* ¶¶ 10, 23.)  Johnston Memorial's insurer, Medical Protective, satisfied the judgment.  (*Id.* ¶ 23.)

Roughly a year later, in August 2014, Medical Protective, as Johnston Memorial's subrogee, brought this case seeking contribution and indemnification for the judgment against Johnston Memorial.  (Dkt. No. 1.)  There are four defendants named in the amended complaint who remain in the case: (1) Charles Bolick, M.D., (2) Holston Medical Group, (3) David Beckner, M.D., and (4) Cardiovascular Associates, P.C. (Dkt. No. 50.)[1]  Dr. Bolick provides services through Holston, and Dr. Becker provides service through Cardiovascular Associates.

In its amended complaint, Medical Protective alleges that Drs. Bolick and Beckner, like Dr. Brandy, were negligent in their care of Frazier.  It thus claims that they, too, are liable for the damages awarded to Frazier's estate, as are their employers.   All defendants have moved to dismiss Medical Protective's complaint.  (Dkt. Nos. 51, 52.)

---

[1] The amended complaint was filed with leave of court on May 27, 2015.  As originally filed, it named Wellmont Cardiology Services as the final defendant.  (Dkt. No. 50.)  By order entered July 14, 2015, the court granted the motion to substitute Cardiovascular Associates, P.C. for Wellmont Cardiology Services. (Dkt. No. 58.) The same July 14, 2015 order also dismissed without prejudice defendant Wellmont Health System d/b/a/ Wellmont Bristol Regional Medical Center, pursuant to the parties' stipulation.

## II. DISCUSSION

Defendants move to dismiss Medical Protective's claims under Rule 12(b)(3) for improper venue or, in the alternative, to transfer the case to the Eastern District of Tennessee.[2] Medical Protective has the burden to establish that venue is proper. *Bartholomew v. Va. Chiropractors Ass'n, Inc.*, 612 F.2d 812, 816 (4th Cir. 1979), *overruled on other grounds by Ratino v. Med. Serv. Of D.C.*, 718 F.2d 1260 (4th Cir. 1983). "To survive a motion to dismiss for improper venue when no evidentiary hearing is held, the plaintiff need only make a *prima facie* showing of venue." *Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004).

Under 28 U.S.C. § 1391(b), venue is proper in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). In the event that venue is improper in the district in which a case is filed, then the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

---

[2] Defendants also move to dismiss for lack of personal jurisdiction, and the court recognizes that issues as to personal jurisdiction normally will be resolved before examining venue. *See Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979). But addressing the two issues in this order is not always required. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) ("the court has leeway to choose among threshold grounds for denying audience to a case on the merits.") (internal quotes and citations omitted). Instead, where there is a "sound prudential justification for doing so," a court may rule on a venue challenge before addressing personal jurisdiction. *Leroy*, 443 U.S. at 180.

3

### A. Venue Is Not Proper in the Western District of Virginia.

Not all the defendants are residents of Virginia, so subsection (1) of Section 1391(b) cannot serve as the basis for venue, and Medical Protective does not rely on it.[3] Nor can it rely on subsection (3) because it has acknowledged that venue would be proper in the Eastern District of Tennessee. (Dkt. No. 54 at 4.) Instead, Medical Protective argues that venue is proper here under subsection (2). It points out that venue could be proper in more than one judicial district (*id.* (citing *Mitrano*, 377 F.3d at 405)), and argues it has the right to bring the action in any appropriate venue.

In support of its venue argument, Medical Protective focuses on the fact that the judgment in the underlying Malpractice Case was entered in a Virginia state court within this court's geographic boundaries and that the complaint in this matter seeks contribution or indemnification as a result of that judgment. Thus, it claims that venue is proper here because "a substantial part of the events or omissions giving rise to the claim occurred in Virginia."

The court disagrees. Medical Protective's narrow focus on the judgment in the malpractice suit is contrary to the Fourth Circuit's directives concerning § 1391(b)(2). The *Mitrano* Court directed that, "in determining whether events or omissions are sufficiently substantial to support venue under the . . . statute, a court should not focus only on those matters that are in dispute or that directly led to the filing of the action. Rather, it should review the entire sequence of events underlying the claim." *Mitrano*, 377 F.3d at 405 (internal quotation marks and citations omitted).

---

[3] Drs. Bolick and Beckner are Tennessee residents, and their employers (Holston and Cardiovascular Associates) both have a principal place of business in Tennessee, but have locations in both Virginia and Tennessee. For venue purposes, a corporate defendant is deemed to reside in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question. 28 U.S.C. § 1391(c)(2). At most, therefore, Holston and Cardiovascular Associates are both Tennessee and Virginia residents. Because not all defendants are residents of Virginia, subsection (1) is inapplicable.

4

While it is true that the judgment giving rise to the claim for indemnification was entered in a Virginia court, that is virtually the only part of the events that took place in this district. Notably, none of the defendants here were involved in any way in that lawsuit.

Moreover, the liability of any party here for contribution or indemnification will require—at a minimum—that Medical Protective show that Dr. Bolick or Dr. Beckner was negligent. *North River Ins. Co. v. Davis*, 274 F. Supp. 146, 149 (W.D. Va. 1967). In their defense, defendants "may, of course, introduce evidence to show that [they were] not negligent or that [their] negligence was not the proximate cause of the [decedent's] injuries." *Id.* at 149–50. That will be the heart of this case, and that finding must be based on care given to Ms. Frazier by Dr. Bolick or Dr. Beckner.

As previously noted, both of these physicians are Tennessee citizens and reside in Tennessee. Critically, moreover, they provided care to Ms. Frazier almost entirely in Tennessee. Medical Protective points to only two minor exceptions: (1) according to Medical Protective, Dr. Beckner requested that a CT scan of Ms. Frazier be done at Johnson Memorial;[4] and (2) Drs. Beckner and Bolick provided care to Frazier in Virginia when "communicating and collaborating with providers at Johnson Memorial regarding her condition and treatment," i.e., as to the CT scan. (Dkt. No. 50, Am. Compl. ¶¶ 17, 29, 36; *see also* Dkt. No. 54 at 4 n.2 (Medical Protective relying upon those three paragraphs in support of claim that some treatment was rendered in Virginia).)

The court concludes that the alleged contact of the defendants with Virginia in ordering and receiving a CT scan from Johnston Memorial and communicating with providers there, even when coupled with the entry of the judgment in the Malpractice Case in Virginia, simply does

---

[4] Dr. Beckner denies this, but the court draws all reasonable inferences in plaintiff's favor when ruling on a motion under Rule 12(b)(3) challenging venue. *Equal Rights Ctr. v. Equity Residential*, 483 F. Supp. 2d 482, 488 (D. Md. 2007) (citation omitted).

5

not constitute a "*substantial* part of the events or omissions giving rise to the claim." *Cf.* 28 U.S.C § 1391(b)(2) (emphasis added); *see also Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (2d Cir. 2005) ("caution[ing] district courts to take seriously the adjective 'substantial'"). Considering the "entire sequence of events" underlying the claim, *Mitrano*, 377 at 405, a substantial portion did not occur here. Thus, the court concludes that this district is not a proper venue.

**B.      Transfer to the Eastern District of Tennessee Is Appropriate.**

Having determined that venue is improper, the court has two options. First, it may dismiss the action. Second, in the interest of justice, it may transfer the case, but only if it finds that the case could have been filed in the transferee court. Transfer requires, then, both that venue be proper there and that subject matter jurisdiction would be satisfied. *Szulik v. TAG Virgin Islands, Inc.*, 858 F. Supp. 2d 532, 545 (E.D.N.C. 2012) (noting that Section 1406(a) "establishes a two-part inquiry" in which a "court first must determine whether the case could have been brought in another district" and then, if so, "determine whether the interest of justice warrants a transfer of venue to that other district.")

All parties agree that venue would be proper in Tennessee, and the court does as well. The court also concludes that the Eastern District of Tennessee would have subject matter jurisdiction, since this action is based on complete diversity of the parties, which would not change regardless of where suit was filed.

The court further finds that the interest of justice supports transfer, rather than dismissal. This court has an obligation to interpret Section 1406(a) broadly to effectuate its broad remedial purpose. *Porter v. Groat*, 840 F.2d 255, 257–78 (4th Cir. 1988). That statute authorizes transfer

6

"for any reason which constitutes an impediment to a decision on the merits in the transferor district but would not be an impediment in the transferee district." *Id.* at 258.

Here, although the court is not reaching the issues of personal jurisdiction raised by defendants, it notes that at least some of the defendants' challenges to personal jurisdiction here are certainly not frivolous. Defendants have also raised issues concerning the statute of limitations, so dismissal instead of transfer might prejudice plaintiff, and the court does not find that plaintiff's filing here was in bad faith or unreasonable. For all of these reasons, the court concludes that transfer is appropriate and supported by the interest of justice. Accordingly, the court will transfer this case to the United States District Court for the Eastern District of Tennessee. *Cf.* 14D Charles Alan Wright, Arthur R. Miller, et al., *Fed. Prac. & Proc.* § 3827 (4th ed. & Supp. 2015) ("[I]n most cases of improper venue, the courts conclude that it is in the interest of justice to transfer to a proper forum rather than to dismiss the litigation." This is especially true if there is an argument that the statute of limitations has run, "if it would be more efficient or economical" to transfer, or "if the plaintiff's belief that venue was proper was in good faith and reasonable."). All remaining motions and requests for relief will be denied without prejudice.

The Clerk is directed to provide a copy of this opinion and the accompanying order to all counsel of record.

Entered: November 18, 2015.

*Elizabeth K. Dillon*
United States District Judge